GONDRAND SHIPPING CO., INC., ET AL. *v.* UNITED STATES

No. 6196.—Invoices dated Beograd, Yugoslavia, February 9, 1939, etc.
Certified February 11, 1939, etc.
Entered at New York, N. Y., March 13, 1939, etc.
Entry No. 24207, etc.

(Decided July 26, 1945)

*Lamb & Lerch* (*John G. Lerch* and *Thomas J. McKenna* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

TILSON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, involve the question of the proper dutiable value of certain cotton wearing apparel imported from Yugoslavia during the period extending from March 1939 to March 1940.

At the trial of these appeals, counsel for the plaintiffs offered, and there were received in evidence four samples of the merchandise. One sample is a girl's voile collarless blouse; another sample is a children's pure linen dress; another sample is a children's cotton voile blouse without collar, short sleeved, No. 4; and the fourth sample is a children's cotton voile dress without collar, short-sleeved. Counsel for the plaintiffs also offered the testimony of two witnesses, the first being the importer of the instant merchandise, and the second being

the general manager of the manufacturing establishment where the merchandise was produced, who was also engaged in the sale of such merchandise.

Counsel for the defendant offered, and there were received in evidence four reports from special agents, which deal primarily with the question of the cost of production of the merchandise, and with the question of fraud, with neither of which questions am I' here concerned.

The record is rather lengthy, and to give a detailed statement of the evidence, would extend this opinion to an unnecessary length. I have, however, carefully considered all the evidence in this record, both the testimony of the witnesses and the documentary proof, together with the briefs of the respective counsel, and I find that the weight of the evidence establishes that merchandise such as or similar to that here involved was, on or about the dates of exportation herein, sold or freely offered for sale in the country from whence this merchandise was exported; that the principal market for the sale of this merchandise was Belgrade, Yugoslavia; that the price did not vary according to the quantity purchased; and that the prices at which this merchandise was freely offered for sale, and sold for home consumption in Yugoslavia in the ordinary course of trade, were the prices shown for the different items on the various invoices now before me.

The record shows that the appraiser found the correct basis of appraisement to be the foreign value, and there is no evidence before me to overcome this presumptively correct finding of the appraiser. On the contrary, the evidence strongly supports this finding. The record also shows that the prices at which this merchandise was freely offered for sale and sold for exportation to the United States were not higher than the prices for home consumption.

I, therefore, find and hold the proper dutiable foreign values of the various items on the invoices to be the unit invoiced prices. It is noted, however, that in all the appeals, except 140579–A and 140781–A, the importers upon entry added to the invoiced prices 15 per centum to make market value. Therefore, in view of section 503 (a) of the Tariff Act of 1930, as to the 10 appeals in which the importers added on entry the 15 per centum, duty will have to be assessed upon the entered values. Since the entered and invoiced values in reappraisements 140579–A and 140781–A are the same, duty should be assessed upon the entered values in each of the 12 appeals. Judgment will be rendered accordingly.